IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XAVIER TEKENA GRANVILLE,<br>Defendant. | CRIMINAL ACTION NO.<br><br>1:25-cr-53-01-LMM-CMS |

**NON-FINAL REPORT & RECOMMENDATION**

This case is before the Court on Defendant Xavier Tekena Granville's Motion to Dismiss Under the Second Amendment ("Motion to Dismiss"). [Doc. 20]. Granville argues that the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1), violates the Second Amendment to the United States Constitution. For the reasons discussed below, I will recommend that Granville's motion be denied.

## I. BACKGROUND

### A. The Indictment

On February 12, 2025, a grand jury sitting in the Northern District of Georgia returned a one-count indictment against Granville alleging that on August 17, 2024, Granville was a convicted felon who knowingly possessed a firearm in violation of the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1). [Doc. 1, Indictment, at 1–2]. That code section provides, in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . ..

18 U.S.C. § 922(g)(1).

**B. The Second Amendment and Recent Court Decisions**

The Second Amendment to the United States Constitution reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II.

In 2008, the United States Supreme Court issued its opinion in *District of Columbia v. Heller*, holding that the Second Amendment codifies a preexisting individual right of the people to bear arms. *Dist. of Columbia v. Heller*, 554 U.S. 570, 595 (2008) ("*Heller*"). Heller was a law enforcement officer in the District of Columbia who was allowed to carry a handgun while on duty. *Id.* at 575. Yet Heller was not allowed to register a handgun to keep in his D.C. home because of D.C.'s strict bar on handguns. *Id.* The Supreme Court held that D.C.'s complete ban on handgun possession in the home, by law-abiding citizens, was an unconstitutional infringement of the Second Amendment that would not survive any level of scrutiny. *Id.* at 627–29. In its decision, however, the Supreme Court made clear that the right to possess firearms belonged to "law-abiding, responsible citizens" and therefore,

longstanding prohibitions on felons' ability to possess firearms were appropriate and constitutional, stating:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, ***nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons*** and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

554 U.S. at 626–27 (emphasis added) (footnote omitted).

After *Heller*, a plurality of the Supreme Court "repeat[ed]" its "assurances" that Heller "did not cast doubt on such longstanding regulatory measures" as felon-in-possession bans. *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion).

In 2010, the Eleventh Circuit considered a Second Amendment challenge to § 922(g)(1). *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). In *Rozier*, the Eleventh Circuit relied on *Heller*'s statement about longstanding restrictions on felon firearm possession to affirm the constitutionality of § 922(g)(1). *Id.* at 770–71.

In 2022, the United States Supreme Court issued another Second Amendment opinion in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) ("*Bruen*"). In *Bruen*, the Supreme Court again addressed gun rights for law-abiding

citizens, holding that a New York firearm regulation violated the Second Amendment because it required that the gun owner make a special showing of necessity before he could publicly carry a firearm for self-defense. *Id.* at 10. The Court stated that "the standard for applying the Second Amendment" is as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 24. The Court ruled that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19.

In March 2024, the Eleventh Circuit addressed a challenge to § 922(g)(1) and, applying the court's prior precedent rule, concluded that *Bruen* did not abrogate *Rozier*. *United States v. Dubois*, 94 F.4th 1284, 1291–93 (11th Cir. 2024). In reaching that conclusion, the court noted that under the prior precedent rule, it required "clearer instruction from the Supreme Court before [it could] reconsider the constitutionality of section 922(g)(1)." *Id.* at 1293.

In June 2024, the Supreme Court issued yet another Second Amendment opinion in *United States v. Rahimi*, 602 U.S. 680 (2024). *Rahimi* involved a Second Amendment challenge to 18 U.S.C. § 922(g)(8), which prohibits individuals who

are subject to domestic violence restraining orders from possessing firearms. *Id.* at 684–86. After examining the history of the nation's firearms laws, the Court concluded that § 922(g)(8) was constitutional. *Id.* at 693–700. The Court stated that § 922(g)(8)'s "prohibition on the possession of firearms by those found by a court to present a threat to others fits neatly within the tradition the surety and going armed laws represent." *Id.* at 698. The Court concluded, "Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Id.* at 700.

On January 24, 2025, the Supreme Court granted certiorari in *Dubois* and vacated the judgment in the case. *Dubois v. United States*, 145 S. Ct. 1041 (2025). The Supreme Court remanded *Dubois* to the Eleventh Circuit "for further consideration in light of" *Rahimi*. *Id.*

On June 2, 2025, the Eleventh Circuit issued its decision in *Dubois* after the Supreme Court's remand order. *United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025). The Eleventh Circuit concluded that *Rahimi* did not abrogate its "holding in *Rozier* that section 922(g)(1) is constitutional under the Second Amendment." *Id.* at 889. In reaching this conclusion, the Eleventh Circuit stated that under its prior panel-precedent rule, it required "clearer instruction from the Supreme Court before [it could] reconsider the constitutionality of section 922(g)(1)." *Id.* at 894. The

Eleventh Circuit found that *Rozier* remained binding law, and it reinstated its previous opinion and affirmed Dubois's convictions and sentence. *Id.*

### C. Granville's Motion to Dismiss

On June 30, 2025, Granville filed his motion to dismiss. [Doc. 20]. In his motion, Granville argues that in light of *Bruen* and *Rahimi*, § 922(g)(1) "is unconstitutional under the Second Amendment both facially and as applied to [him]." [Doc. 20 at 1]. According to Granville, the plain text of the Second Amendment covers his charged conduct, and the Government cannot meet its burden of establishing that a statute prohibiting felons from possessing firearms is consistent with this country's historical tradition of firearm regulation. [*Id.* at 3–6]. Granville also argues that after *Bruen* and *Rahimi*, *Rozier* "has been undermined to the point of abrogation." [*Id.* at 1; *see also id.* at 6–11].

The Government has filed a response arguing that *Dubois* and *Rozier* foreclose Granville's challenge [Doc. 43 at 2–3, 6–7], and that nothing in *Bruen* or *Rahimi* changes the law with respect to prohibitions on felons' rights to possess firearms [*id.* at 3–6]. The Government also argues that § 922(g) is constitutional, noting that both the plain text of the Second Amendment and historical context demonstrate that felons are not entitled to the right to bear arms. [*Id.* at 7–10].

Finally, the Government contends that based on Granville's criminal history, he cannot obtain an as-applied exemption from § 922(g)(1). [*Id.* at 11].

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3) allows a defendant to request a pretrial dismissal of charges if there is "a defect in the indictment," such as "an infirmity of law in the prosecution." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987); FED. R. CRIM. P. 12(b)(3). "If a defendant is charged with violating a law that proves unconstitutional, then the indictment is defective, and the charge must be dismissed." *United States v. Isaac*, No. 5:22-cr-117-LCB-HNJ-1, 2023 WL 1415597, at *1 (N.D. Ala. Jan. 31, 2023) (footnote omitted).

## III. DISCUSSION

As noted above, the Eleventh Circuit has already addressed, and clearly rejected, the issue that Granville raises in this motion. *See Rozier*, 598 F.3d at 771. In *Rozier*, the defendant challenged the constitutionality of § 922(g)(1), arguing that under the reasoning of *Heller*, he should be allowed to possess a handgun in his home for self-defense, notwithstanding his status as a felon. *Id.* at 770. The Eleventh Circuit relied on *Heller* for the proposition that Second Amendment rights are "not unlimited" and that "the initial question is whether one is *qualified* to possess a firearm." *Id.* (emphasis in original). Noting that Rozier's Second Amendment right

to bear arms was not weighed in the same manner as that of a law-abiding citizen and that the *Heller* opinion clearly stated that the Supreme Court did not intend to cast doubt on longstanding prohibitions on the possession of firearms by felons, the Eleventh Circuit held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* at 771.[1] The Eleventh Circuit concluded that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class. Therefore, the fact that Rozier may have possessed the handgun for purposes of self-defense (in his home), is irrelevant." *Id.*

Thus, the Eleventh Circuit has clearly and unequivocally held that § 922(g)(1) does not violate the Second Amendment to the United States Constitution. *See Rozier*, 598 F.3d at 770–71. A prior Eleventh Circuit precedent remains binding in the face of an intervening Supreme Court case unless that case is "clearly on point"

[1] Granville argues that this statement is dicta. [Doc. 20 at 9–10]. The defendant in *Rozier* made the same argument, and the Eleventh Circuit rejected it for two reasons. *See Rozier*, 598 F.3d at 771 n.6 ("First, to the extent that this portion of *Heller* limits the Court's opinion to possession of firearms by *law-abiding* and *qualified* individuals, it is not dicta. Second, to the extent that this statement is superfluous to the central holding of *Heller*, we shall still give it considerable weight.") (emphasis in original) (citations omitted).

and "actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[ing], the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). The Eleventh Circuit has unequivocally held that *Rozier* remains good law and continues to bind the courts in this Circuit—even after the Supreme Court's decisions in *Bruen* and *Rahimi*. *Dubois*, 139 F.4th at 894.

***Rozier Remains Good Law and Forecloses Granville's Facial Challenge***

For the above reasons, *Rozier* remains binding precedent in the Eleventh Circuit, and this Court lacks authority to depart from it. *See United States v. Williams*, No. 1:21-cr-362-LMM-LTW-1, 2022 WL 17852517, at *2 (N.D. Ga. Dec. 22, 2022) ("As a district court bound to follow this circuit's controlling precedent, it is not for this Court to decide whether *Bruen* [or *Rahimi*] may ultimately be held to abrogate *Rozier*: '[t]hat question can only be answered by the Supreme Court or [the Eleventh Circuit] sitting en banc.'") (second and third alterations in original) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003)). Because binding Eleventh Circuit precedent requires a conclusion that § 922(g)(1) does not violate the Second Amendment to the United States Constitution, the motion to dismiss should be denied.

***Granville's As-Applied Challenge Fails***

Granville argues that his as-applied challenge to § 922(g)(1) should succeed. [Doc. 20 at 6]. Because *Rozier* remains good law, it forecloses Granville's as-applied challenge. *See Harris v. United States*, No. CR422-046, 2025 WL 1287775, at *2 (S.D. Ga. Feb. 21, 2025) (finding that binding Eleventh Circuit precedent barred as-applied and facial challenges to § 922(g)(1)), *adopted by* 2025 WL 1287989 (S.D. Ga. May 2, 2025); *United States v. Bradshaw*, No. 8:23-cr-89-VMC-AER-1, 2024 WL 1655402, at *2 (M.D. Fla. Apr. 17, 2024) ("As *Bruen* did not abrogate *Rozier*, both Defendant's facial and as-applied challenges fail."); *United States v. Kirby*, No. 3:22-cr-26-TJC-LLL, 2023 WL 1781685, at *3 (M.D. Fla. Feb. 6, 2023) (noting that the court was bound by Eleventh Circuit precedent and rejecting an as-applied challenge to § 922(g)(1)). This portion of the motion to dismiss should be denied.

Even if *Rozier* did not foreclose Granville's as-applied challenge, the Court could not resolve the challenge at this stage of the proceedings. *United States v. Pettway*, Crim. Act. No. 1:23-cr-138-TFM, 2024 WL 231843, at *4 (S.D. Ala. Jan. 22, 2024). Federal Rule of Criminal Procedure 12 authorizes district courts to resolve before trial only those motions that the courts can determine "without a trial on the merits." FED. R. CRIM. P. 12(b)(3). "[P]retrial resolution of a motion to

dismiss the indictment is permitted 'only when trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'" *Pettway*, 2024 WL 231843, at *4 (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). "Generally, as-applied constitutional challenges necessarily involve an examination of the merits of the case." *Id.* To resolve Granville's as-applied challenge, the Court would have to make findings of fact beyond whether the facts alleged in the indictment are adequate to state an offense. *Id.* The Court, therefore, could not resolve Granville's as-applied challenge on a pretrial motion to dismiss the indictment even if *Rozier* did not foreclose that challenge. *Id.*

## IV. CONCLUSION

For the reasons stated above, I **RECOMMEND** that Granville's Motion to Dismiss [Doc. 20] be **DENIED**. A final Report and Recommendation addressing Granville's motion to suppress [Doc. 19] will be submitted in the coming weeks.

This 20th day of August, 2026.



CATHERINE M. SALINAS
United States Magistrate Judge